**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

NARCESO MORA-PEREZ, a.k.a.
Inocente Santos-Benitez,

Defendant–Appellant.

No. 06-4127

(Case No. 1:05-CR-88-TS)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

Defendant pled guilty to illegal re-entry of a deported alien in violation of 8 U.S.C. § 1326. Defendant did not object to the presentence report's calculation of a Guidelines range of 46 to 57 months, but he requested either a downward departure under the Guidelines or a reduced sentence under 18 U.S.C. § 3553(a) based on his mental illness. The district court rejected this argument and imposed a sentence at the bottom of the Guidelines range. On appeal, Defendant

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore ordered submitted without oral argument.

challenges the procedural and substantive reasonableness of his sentence.

Defendant argues that his sentence is procedurally unreasonable because the court provided an "unreasoned and unsupported" explanation for its conclusion that the § 3553(a) factors did not justify a lower sentence in this case. (Def's Br. at 3, 6.) Defendant failed to object below to the "procedure by which his sentence was determined and explained," so we review the court's judgment for plain error. *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007). "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

After reviewing the record, we conclude that the district court did not plainly err in the method by which it determined and explained Defendant's sentence. In response to Defendant's argument that he should receive a lower sentence because prisons are ill-equipped to deal with mentally ill inmates, the court concluded that a lesser sentence was not justified in this case, based in part on the court's opinion that "this defendant would be better served, at least for purposes of treating his mental illness, while he is incarcerated than he would be if he was sent back to Mexico under the conditions that he fled from." (R. Vol. II at 9.) Defendant contends that there is no support in the record for the court's conclusion that he would receive better treatment in prison than in Mexico. In considering this argument, it is important to remember the context of the court's

statement. The court did not conclude that a higher sentence than usual was justified because Defendant would receive better medical treatment in prison than he would if released; rather, the court concluded that Defendant's mental illness did not justify imposing a sentence below the Guidelines range. Thus, we will not find plain error unless we are convinced that the court should have sentenced Defendant to a below-Guidelines sentence.

While it may be true that Defendant will not receive *better* treatment in prison than in Mexico, the record supports a conclusion that the treatment Defendant will receive in prison will be *no worse* than what he would receive in Mexico. The psychologist who evaluated Defendant stated that Defendant's medical condition was being appropriately treated, and he did not suggest that any alternative or additional treatment would be appropriate. When asked by the judge about the likelihood of Defendant receiving appropriate medical treatment in Mexico, counsel simply indicated that Defendant "could get" in Mexico the same medication that he was already receiving in custody. Defendant submitted evidence regarding the general inadequacy of prisons to deal with mentally ill prisoners, but the record supports a conclusion that Defendant himself was receiving adequate treatment. We thus conclude that Defendant's condition did not justify a lower sentence than would normally be appropriate and, accordingly, that any error in the district court's statement did not affect Defendant's substantial rights. Furthermore, we note that the district court carefully

considered Defendant's psychiatric history, the possibility that his mental disorder might have been caused by drug abuse, and the § 3553(a) factors before imposing a sentence. We therefore conclude that Defendant's sentence is procedurally reasonable.

Defendant argues that his sentence is substantively unreasonable because it is excessive under the circumstances of the case. When a sentence, as here, is within the Guidelines, it is presumed reasonable and is reviewed for unreasonableness under the factors set forth in 18 U.S.C. § 3553(a). *United States v. Kristl*, 437 F.3d 1050, 1054-55 (10th Cir. 2006). For the reasons discussed above, we conclude that Defendant has not rebutted his Guidelines sentence's presumption of reasonableness. Defendant's mental disorder is being appropriately treated, and he does not argue that his sentence is unreasonable for any other reason. Even without the *Kristl* presumption, we would still conclude that Defendant's sentence is reasonable in light of all of the § 3553(a) factors. *Accord United States v. Ruiz-Terrazas*, 477 F.3d 1196 (10th Cir. 2007).

**AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge

-4-